UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL O. WILLIAMS,

                 Plaintiff,

         -against-

AMAZON,

               Defendant.

24-CV-2393 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Michael O. Williams, who currently resides in Queens County, New York, filed this *pro se* action against Amazon, his former employer, asserting employment discrimination claims. Plaintiff uses the court's employment discrimination complaint form, but he does not check any boxes indicating a federal cause of action. Plaintiff does, however, check boxes indicating that Amazon terminated his employment, provided him with terms and conditions of employment different from those of similar employees, retaliated against him, and harassed him or created a hostile work environment. (ECF No. 1 at 5.) The Court therefore construes Plaintiff's claims as brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The transferee court may wish to construe Plaintiff's complaint as also asserting claims under the New York State and City Human Rights Laws. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under the venue provision for claims brought under Title VII, such claims may be

brought:

> in any judicial district in the State in which the unlawful employment practice is
> alleged to have been committed, in the judicial district in which the employment
> records relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked but for the
> alleged unlawful employment practice, but if the respondent is not found within
> any such district, such an action may be brought within the judicial district in
> which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). With respect to any claims brought under state law, such claims may

be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial

district where the person is domiciled, and any other "entity with the capacity to sue and be

sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction

with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

---

[1] Where a defendant is a corporation, its residency is determined as follows:

> [I]n a State which has more than one judicial district and in which a defendant
> that is a corporation is subject to personal jurisdiction at the time an action is
> commenced, such corporation shall be deemed to reside in any district in that
> State within which its contacts would be sufficient to subject it to personal
> jurisdiction if that district were a separate State, and, if there is no such district,
> the corporation shall be deemed to reside in the district within which it has the
> most significant contacts.

28 U.S.C. § 1391(d).

2

Because Plaintiff alleges that he worked in an Amazon facility located in Brooklyn, Kings County, New York, and that the events that are the bases for his claims, including his termination, occurred there, this court, and every other federal district court within the State of New York, are proper venues for his claims under Title VII. *See* § 2000e-5(f)(3).

Pursuant to Section 1391(b)(1), venue for Plaintiff's state law claims appears to be proper in this district, in the Eastern District of New York, and perhaps every other federal district court within the State of New York, as Amazon appears to have significant contacts in most, if not all, districts in this state. Under Section 1391(b)(2), venue is proper in the Eastern District of New York, where Plaintiff worked and where a substantial part of the events giving rise to Plaintiff's claims occurred. Although venue for any state law claims would be proper in this court under Section 1391(b)(1), the Eastern District of New York is an appropriate venue for Plaintiff's claims under Section 1391(b)(1) and (2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412,

458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d

102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Although both

this court and the Eastern District of New York are proper venues for Plaintiff's claims, the

Eastern District of New York, where the underlying events allegedly occurred, is a more

appropriate venue. Further, it is reasonable to expect that relevant documents and witnesses

would also be located in the Eastern District of New York. Thus, the United States District Court

for the Eastern District of New York appears to be a more convenient forum for this action.

Accordingly, this Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair &

Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in

making determinations of convenience under Section 1404(a) and notions of convenience and

fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District

Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be

permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this

court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 3, 2024
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge